REDMANN, Judge.
An automobile owner and his partially subrogated insurer appeal from the dismissal on the merits of their suit for $259 damages resulting from a collision at Dryades and Clio Streets in New Orleans.
*808 Plaintiff driver was headed southerly on Dryades, a favored street with, at this point, two traffic and one parking lane on each side of a narrow neutral ground. Defendant was headed easterly on Clio, a one-way street.
Defendant testified he had been stopped for traffic on Dryades for an appreciable time before some unknown motorist stopped to let defendant cross. Defendant said he moved across the lane of the stopped motorist and stopped again. He looked to his left and saw plaintiff, a third of a block away. Defendant then looked to his right for northerly traffic, standing stopped. Plaintiff passed in front of defendant in the inside lane and, in swerving to avoid hitting the Dryades neutral ground, caught plaintiff’s rear fender on the right end of defendant’s front bumper, which had been pulled out some five or six inches by an earlier incident. Defendant thus testified, saying “I saw how he did it.” He did, however, also testify that he had been looking to the right and did not see plaintiff’s car (again) before hearing the noise of the scraping.
Plaintiff driver’s testimony was the opposite in most respects. A police officer recited in his accident report that defendant at the time stated he struck plaintiff. And, as plaintiff most strenuously urges, even defendant’s own testimony is not fully consistent. Plaintiff also argues that his car, struck in the right rear, would tend to veer to the right and only give the appearance that he had turned to the right.
From the lifeless record we might favor plaintiff’s version of this accident as seemingly more probable.
But the trial judge evidently believed defendant’s version of the collision. Defendant’s story is not inherently incredible and it therefore fell to the trial judge to decide whether to believe him (despite the police report) or plaintiff. We are unable, from the record, to say the trial judge erred.
The judgment is affirmed.